165 F.3d 33
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
Jose A. MARIN, Defendant-Appellant.
 No. 98-2868.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 1, 1998*.
Decided Dec. 4, 1998.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin. No. 96-CR-184. J.P. Stadtmueller, Chief Judge.
 Before Hon. WALTER J. CUMMINGS, Hon. WILLIAM J. BAUER, Hon. TERENCE T. EVANS, Circuit Judges.
 
 ORDER
 
 1
 Defendant Jose Marin pled guilty to conspiracy to distribute and possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846, and 18 U.S.C. § 2. Marin was interviewed by government agents in order to qualify for a reduced sentence pursuant to the "safety valve" provision of the Mandatory Minimum Sentencing Reform Act, 18 U.S.C. § 3553(f), and U.S.S.G. § 5C1.2, which allows a court to impose a sentence below the statutory minimum if it finds that the defendant has met certain requirements. The district court determined that Marin qualified for a downward departure from the statutory mandatory minimum sentence of ten years and sentenced him to a term of 84 months, a $7,500 fine, a $100 special assessment and four years of supervised release to follow the period of imprisonment. In a previous opinion, we vacated the district court's sentence, holding the safety valve provision not to apply, and remanded for sentencing pursuant to the ten-year mandatory minimum. United States v. Marin, 144 F.3d 1085 (7th Cir.1998). The district court then sentenced Marin to ten years in prison, a $7,500 fine, a $100 special assessment and four years of supervised release.
 
 
 2
 Marin appeals from the district court's sentence, arguing that a minimum sentence calculated solely on the type and amount of drug possessed violates the due process guarantees of the Fifth Amendment. Although "mandatory minimums are both structurally and functionally at odds with sentencing guidelines and the goals the guidelines seek to achieve," Neal v. United States, 516 U.S. 284, 116 S.Ct. 763, 133 L.Ed.2d 709 (quoting United States Sentencing Commission, Special Report to Congress: Mandatory Minimum Penalties in the Federal Criminal Justice System 26 (Aug.1991)), the Supreme Court and this Court have rejected the argument that this inconsistency violates due process. See, e.g., Harmelin v. Michigan, 501 U.S. 957, 994-995, 111 S.Ct. 2680, 115 L.Ed.2d 836; Chapman v. United States, 500 U.S. 453, 464-468, 111 S.Ct. 1919, 114 L.Ed.2d 524. See, also, United States v. Magana, 118 F.3d 1173, 1209 (7th Cir.1997), certiorari denied, 118 S.Ct. 1998. Accordingly, Marin's constitutional challenge to his mandatory minimum sentence fails. Judgment and sentence affirmed.
 
 
 
 *
 This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)